**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CONTI 11. CONTAINER SCHIFFAHRTS-GmbH & CO. KG *M.S. MSC FLAMINIA*, as Owner, and NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, as Operator, of the vessel *M.S. MSC FLAMINIA*,** | * | **CIVIL ACTION NO.** |
| | * | **SECTION:** |
| | * | **MAGISTRATE:** |
| **PLAINTIFFS** | * | |
| **VERSUS** | * | |
| **NEW ORLEANS TERMINAL, LLC,** | * | |
| **DEFENDANT** | * | |
| * * * * * * * | * | |

**COMPLAINT**

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Complaint of Conti 11. Container Schiffahrts-GmbH & Co. KG "*M.S. MSC FLAMINIA*", (hereinafter "Conti") as Owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG, (hereinafter "NSB") as Operator of the *M.S. MSC FLAMINIA* in a cause of action for damages for strict liability and/or negligence for failure to warn, breach of contract, breach of warranty of workmanlike service, indemnity and contribution, in an admiralty and maritime claim within the meaning of Rule 9(h) of the Supplemental Rules for Admiralty or Maritime Claims, against defendant, New Orleans Terminal, LLC, and respectfully allege upon information and belief as follows:

**JURISDICTION, THE PARTIES, AND VENUE**

**I.**

This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Supplemental Rules for Admiralty or Maritime Claims and Rule F of the Supplemental Rules for Admiralty or Maritime Claims.

**II.**

As this case involves a controversy that exceeds the sum or value of US $75,000.00 and is between a citizen of this State and citizens of a foreign state, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

**III.**

At all relevant times mentioned herein, Plaintiff Conti was and still is a business entity organized and existing under the laws of Germany with a place of business in Germany, and the registered owner of the *M.S. MSC FLAMINIA*.

**IV.**

At all relevant times mentioned herein, Plaintiff NSB was and still is a business entity organized and existing under the laws of Germany with a place of business in Germany, and the operator, responsible for among other things the manning, stores, maintenance and repairs, of the *M.S. MSC FLAMINIA*.

**V.**

At all relevant times mentioned herein, Defendant New Orleans Terminals, LLC (hereinafter "NOT") was and still is a business organized and existing under the laws of one of the States of the United States with its principal place of business in New Orleans, Louisiana and was the provider of stevedoring services and the operator of the marine terminal at the Port of

New Orleans at which cargo was stored and later loaded onto the *M.S. MSC FLAMINIA* on or about July 1, 2012.

**VI.**

Venue is proper and this Court has jurisdiction over the Defendant NOT on the basis of its systematic and continuous business contacts and presence in the United States and this district, and presence of an agent for service of process in this district.

**FACTS**

**VII.**

On or about July 1, 2012, cargo was loaded by NOT from its terminal in the Port of New Orleans aboard the *M.S. MSC FLAMINIA*.

**VIII.**

On or about July 14, 2012, an explosion and fire occurred in the *M.S. MSC FLAMINIA's* Number 4 cargo hold and the crew had to evacuate the vessel in the Atlantic Ocean approximately 1,000 nautical miles from Land's End, England (hereinafter the "casualty").

**IX.**

Several crew members were injured and three crew members died as a result of the casualty.

**X.**

The *M.S. MSC FLAMINIA* suffered significant damage and many cargo containers were severely damaged and/or lost during the casualty.

**XI.**

On or about July 17, 2012, salvors reached the *M.S. MSC FLAMINIA*.

**XII.**

On or about September 9, 2012, the vessel was re-delivered by salvors to Plaintiffs Conti and NSB at Wilhelmshaven, Germany, where certain cargo was discharged.

**XIII.**

By December of 2012, two separate civil actions had been filed in the United States District Court for the Southern District of New York ("S.D.N.Y.") against Conti and NSB for damage to cargoes that had been aboard the *M.S. MSC FLAMINIA* at the time of the incident.

**XIV.**

On or about December 7, 2012, Conti and NSB filed for, among other things, exoneration from or limitation of liability and protection under the fire defense in the US Limitation Act, 46 U.S.C. § 30501, *et seq*. with the S.D.N.Y.

**XV.**

The prior, and subsequent civil actions, have since been consolidated with the limitation proceedings before the S.D.N.Y as Civil Action No. 12 CV 8892 (SAS) ("Limitation Action").

**XVI.**

The cause of the explosion and fire is currently under investigation.

**XVII.**

The Limitation Action has been bifurcated between liability issues and damages. Currently, fact discovery on liability in the Limitation Action is ongoing.

**XVIII.**

During the course of fact discovery in the Limitation Action, NOT produced documents on or about August 25, 2014, and subsequently made available witnesses for deposition, pursuant to subpoenas.

**XIX.**

On September 12, 2014, Mr. James Parker was the first employee of NOT deposed in the Limitation Action.

**XX.**

Subsequently, on November 20, 2014, Mr. Kristopher Calkins was the next employee of NOT deposed in the Limitation Action.

**XXI.**

The casualty and the losses, damages, injuries and destruction resulting therefrom were not caused or contributed to by any fault, neglect, or want of care or design on the part of the *M.S. MSC FLAMINIA* or those in charge of her, or by Plaintiffs Conti and NSB, or anyone for whom Plaintiffs may be responsible.

**XXII.**

The casualty and the losses, damages, injuries and destruction resulting therefrom for which claims have been or may be made against Plaintiffs Conti and NSB, and the *M.S. MSC FLAMINIA*, and all other damages in any manner arising out of said explosion and fire, were occasioned and incurred without the privity or knowledge of Plaintiffs Conti and NSB, or any of their directors, officers, stockholders, or agents, and without the privity or knowledge of the Master of the *M.S. MSC FLAMINIA*, the superintendent, or managing agent of Plaintiffs Conti and NSB at or prior to the commencement of the voyage.

**XXIII.**

Based on the current evidence from documents and testimony provided by NOT, it is believed that the acts or omissions of NOT caused or contributed to the explosion and fire that

occurred on or about July 14, 2012 on board the *M.S. MSC FLAMINIA* and all of the resulting damages and losses.

**FIRST CAUSE OF ACTION – Strict Liability Failure to Warn**

**XXIV.**

Plaintiffs Conti and NSB reiterate, repeat and reallege the foregoing paragraphs numbered I through XXIII, inclusive, with the same force and effect as if fully set forth herein.

**XXV.**

Defendant NOT, as receiver, bailee, and stevedore of certain chemical cargoes, including Divinylbenzene (hereinafter "DVB") and Diphenylamine (hereinafter "DPA"), was obligated to adequately warn and/or inform Plaintiffs Conti and NSB as to the inherently dangerous nature of the various cargoes, including DVB and DPA, prior to loading them aboard the *M.S. MSC FLAMINIA*.

**XXVI.**

Defendant NOT's failure to adequately warn and/or inform Plaintiffs Conti and NSB of the inherently dangerous, flammable and/or explosive nature of the cargoes makes Defendant NOT strictly liable for all of the damages and expenses, directly or indirectly, arising out of or resulting from such shipment pursuant to 46 U.S.C. §30701 note §4(6) (formerly, 46 U.S.C. § 1304(6)) and any and all other applicable law.

**XXVII.**

As a result of Defendant NOT's failure to adequately warn and/or inform Plaintiffs Conti and NSB of the inherently dangerous nature of the DVB cargo, the DVB was loaded aboard the *M.S. MSC FLAMINIA*, became unstable, caused a fire that resulted in an explosion and damaged the *M.S. MSC FLAMINIA*, her cargo and her crew on or about July 14, 2012.

**XXVIII.**

By reason of the premises, Plaintiffs Conti and NSB have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in an amount in excess of US $150 million.

**SECOND CAUSE OF ACTION – Negligent Failure to Warn**

**XXIX.**

Plaintiffs Conti and NSB reiterate, repeat and reallege the foregoing paragraphs numbered I through XXVIII, inclusive, with the same force and effect as if fully set forth herein.

**XXX.**

Defendant NOT, as receiver, bailee, and stevedore of certain chemical cargoes, including Divinylbenzene (hereinafter "DVB") and Diphenylamine (hereinafter "DPA"), was aware, or should have been aware, of the specific, inherent dangerous nature of the DVB cargo prior to delivery of the DVB cargo to Plaintiffs Conti and NSB.

**XXXI.**

Defendant NOT had a duty to warn Plaintiffs Conti and NSB because Plaintiffs Conti and NSB could not reasonably have known about the specific, inherent dangerous nature of the DVB cargo.

**XXXII.**

As a result of the Defendant NOT's failure to warn and/or inform Plaintiffs Conti and NSB of the specific, inherently dangerous nature of the DVB cargo, Plaintiffs Conti and NSB had no opportunity to assess the inherent danger and act differently with their decisions to accept and stow this cargo, which became unstable, caused an explosion and fire and damaged the *M.S. MSC FLAMINIA*, her cargo and fatally injured some of her crew on or about July 14, 2012.

XXXIII.

By reason of the premises, Plaintiffs Conti and NSB have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in an amount in excess of US $150 million.

**THIRD CAUSE OF ACTION – General Negligence**

XXXIV.

Plaintiffs Conti and NSB reiterate, repeat and reallege the foregoing paragraphs numbered I through XXXIII, inclusive, with the same force and effect as if fully set forth herein.

XXXV.

Defendant NOT was obligated and duty-bound to properly store and handle the DVB cargo at its terminal in New Orleans while it was in its custody and control during the period from June 21 to July 1, 2012 prior to loading on the *M.S. MSC FLAMINIA*.

XXXVI.

The negligent acts or omissions of Defendant NOT, its officers, agents, servants, subcontractors, and employees, resulted in a failure to ensure that the DVB cargo was properly stored and handled. Specifically, despite the knowledge that DVB presented a risk of explosion and fire if exposed to high temperatures or direct sunlight, Defendant NOT stored the DVB cargo in an open lot exposed to both high ambient temperatures and direct sunlight.

XXXVII.

As a result, the DVB cargo became unstable, eventually caused an explosion and fire and damaged the *M.S. MSC FLAMINIA*, her cargo and fatally injured some of her crew on or about July 14, 2012.

**XXXVIII.**

By reason of the premises, Plaintiffs Conti and NSB have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in an amount in excess of US $150 million.

**FOURTH CAUSE OF ACTION – Breach Implied Warranty of Workmanlike Service**

**XXXIX.**

Plaintiffs Conti and NSB reiterate, repeat and reallege the foregoing paragraphs numbered I through XXXVIII, inclusive, with the same force and effect as if fully set forth herein.

**XL.**

Defendant NOT was obligated and duty-bound to store and handle the DVB cargo in a workmanlike manner.

**XLI.**

The negligent acts or omissions of Defendant NOT, its officers, agents, servants, subcontractors, and employees, resulted in a failure to ensure that the DVB cargo was properly stored and handled.

**XLII.**

As a result, the DVB cargo became unstable, caused an explosion and fire and damaged the *M.S. MSC FLAMINIA*, her cargo and her crew on or about July 14, 2012.

**XLIII.**

By reason of the premises, Plaintiffs Conti and NSB have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in an amount in excess of US $150 million.

**FIFTH CAUSE OF ACTION – Indemnity & Contribution**

**XLIV.**

Plaintiffs Conti and NSB reiterate, repeat and reallege the foregoing paragraphs numbered I through XLIII, inclusive, with the same force and effect as if fully set forth herein.

**XLV.**

The explosion and fire aboard the *M.S. MSC FLAMINIA* was due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of Defendant NOT.

**XLVI.**

The explosion and fire aboard the *M.S. MSC FLAMINIA* was not caused or contributed to by any fault or neglect on the part of the Plaintiffs Conti or NSB and/or its agents, servants or employees.

**XLVII.**

By reason of the explosion and fire aboard the *M.S. MSC FLAMINIA*, Plaintiffs Conti and NSB have suffered damages and exposure to third-party claims, including damage to cargo, property, salvage claims, wrongful death and survivorship claims; General Average expenses; and claims for indemnity and contribution from other parties to this lawsuit, in an estimated aggregate amount in excess of US $150 million.

**XLVIII.**

As such, the fire and explosion and all of Plaintiffs Conti and NSB's damages and losses as aforesaid are directly attributable to, and caused by, the aforesaid wrongful acts or omissions or other misconduct of Defendant NOT and/or their agents, etc., without any fault of Plaintiffs Conti and NSB or its agents contributing thereto; and, therefore, Defendant NOT should be held

solely and/or jointly liable to Plaintiffs Conti and NSB and/or all parties who have made claims against Plaintiffs Conti and NSB for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of third-party claims.

**XLIX.**

In the event that Plaintiffs Conti and NSB are nevertheless held liable to any party in any proceeding in the United States or abroad arising out of or relating to the subject casualty, said liability being expressly denied by Plaintiffs Conti and NSB, then such liability derives in whole or in part from the aforesaid wrongful acts or omissions or other misconduct of Defendant NOT, their officers, agents, servants, subcontractors, and employees; and, therefore, Plaintiffs Conti and NSB should be granted full recovery over and against, and be indemnified by, or secure contribution from, Defendant NOT for all sums so recovered against Plaintiffs Conti and NSB, including attorneys' fees, expenses, interest, and costs.

**WHEREFORE**, Plaintiffs Conti and NSB pray that:

A. Judgment be entered in favor of Plaintiffs Conti and NSB and against Defendant New Orleans Terminal, LLC for an award for damages to the Plaintiffs Conti and NSB, herein together with the costs and disbursements of this action;

B. Defendant New Orleans Terminal, LLC be ordered to indemnify and/or contribute to any third-party claims against Plaintiffs Conti and NSB, including legal fees, costs and disbursements incurred in defense of third-party claims; and

C. Judgment be entered in favor of Plaintiffs Conti and NSB for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Delos E. Flint, Jr.

DELOS E. FLINT, JR. T.A. (#5616)
LAWRENCE R. DEMARCAY, III ( #25379)
RYAN T. MARTIN (#35227)
FOWLER, RODRIGUEZ, FLINT, GRAY, McCOY & SULLIVAN, L.L.P.
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
TEL: (504) 523-2600
FAX: (504) 523-2705
E-MAIL: dflint@frfirm.com
E-MAIL: ldemarcay@frfirm.com
E-MAIL: rmartin@frfirm.com
*Counsel for Plaintiffs Container Schiffahrts-GMBH & Co. KG "M.S. MSC FLAMINIA", as Owner, and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG, as Operator of the M.S. MSC FLAMINIA*

**OF COUNSEL:**

EUGENE J. O'CONNOR
TIMOTHY SEMENORO
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022
TEL: (212) 551-7734
FAX: (212) 599-1759
E-MAIL: eoconnor@mmwr.com
E-MAIL: tsemenoro@mmwr.com