## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CONTI 11. CONTAINER SCHIFFAHRTS-GmbH & CO. KG M.S. M.SC. FLAMINIA, as Owner, and NSB NIEDERELBE SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG, as Operator, of the vessel M.S. MSC FLAMINIA, | * | CIVIL ACTION |
| | * | NO. 2:15-cv-03704 |
| | * | SECTION "J" (3) |
| | * | JUDGE BARBIER |
| PLAINTIFFS | * | MAG. KNOWLES |
| VERSUS | * | |
| NEW ORLEANS TERMINAL, LLC, | * | |
| DEFENDANT | * | |

\*   \*   \*   \*   \*   \*   \*   \*

### NEW ORLEANS TERMINAL LLC'S
### ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, New Orleans Terminal, LLC ("NOT") and for Answer to the Amended Complaint (R. Doc. 12) of plaintiffs, Conti 11. Container Schiffahrts-GmbH & Co. KG "*M.S. MSC FLAMINIA*" and NSB Niederelbe Schiffahrtsgesellschaft MBH & Co. KG, alleges and avers as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against NOT upon which relief can be granted.

1

## **SECOND DEFENSE**

NOT maintains that at no time was NOT or any of its employees in any way negligent or at fault in causing the incident alleged in plaintiffs' Original or Amended Complaints and, if any party was negligent or at fault in causing that incident and/or plaintiffs' alleged damages, it was a party for whom NOT is not responsible.

## **THIRD DEFENSE**

In response to the numbered paragraphs of plaintiffs' Amended Complaint, NOT avers as follows:

### **I.**

The allegations contained in Article I of the Amended Complaint are conclusions of law for which an answer is not required; however, if answer is required, NOT admits that this is a case of admiralty and maritime jurisdiction.

### **II.**

The allegations contained in Article II of the Amended Complaint are conclusions of law for which an answer is not required; however, if answer is required, NOT admits that the bases for diversity jurisdiction exist in this case.

### **III.**

Article III of the Amended Complaint does not contain allegations of fact which pertain to NOT nor which require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article III of the Amended

Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

**IV.**

Article IV of the Amended Complaint does not contain allegations of fact which pertain to NOT nor which require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article IV of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

**V.**

NOT admits the truth of the allegations contained in Article V of the Amended Complaint.

**VI.**

NOT admits the truth of the allegations contained in Article VI of the Amended Complaint.

**VII.**

In response to Article VII, NOT admits that in June 2012, NOT, acting as a terminal operator pursuant to an agreement with and instructions from Mediterranean Shipping Company ("MSC"), received and stored certain cargo at its open, outdoor terminal facility in New Orleans, Louisiana and some of that cargo was later loaded aboard the M/V MSC FLAMINIA pursuant to instructions from MSC and under the

supervision and with the full knowledge and approval of the plaintiffs and the M/V MSC FLAMINIA's officers and crew.

## VIII.

NOT denies the truth of the Amended Complaint, except it admits that in July 2012, NOT, acting as a stevedore, loaded certain cargo aboard the M/S MSC FLAMINIA pursuant to instructions from MSC and under the supervision and with full knowledge and approval of plaintiffs and the M/V MSC FLAMINIA's officers and crew.

## IX.

Article IX of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article IX of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

## X.

Article X of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article X of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

## XI.

Article XI of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT

denies the truth of the allegations contained in Article XI of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

**XII.**

Article XII of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article XII of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

**XIII.**

Article XIII of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article XIII of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

**XIV.**

Article XIV of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT avers that the public records of the United States District Court for the Southern District of New York are the best evidence of civil actions filed in that district.

**XV.**

Article XV of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT

avers that the public records of the United States District Court for the Southern District of New York are the best evidence of developments in civil actions filed in that district.

**XVI.**

Article XVI of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT avers that the public records of the United States District Court for the Southern District of New York are the best evidence of developments in civil actions filed in that district.

**XVII.**

Article XVII of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article XVII of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

**XVIII.**

Article XVIII of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT avers that the public records of the United States District Court for the Southern District of New York are the best evidence of developments in civil actions filed in that district.

**XIX.**

(Mislabeled as a second Article XVIII in plaintiffs' Amended Complaint.)

NOT denies the truth of the allegations contained in Article XIX of the Amended Complaint, except it admits it produced documents pursuant to several subpoenas issued by parties in the United States District Court for the Southern District of New York litigation and, also, produced witnesses for depositions.

## XX.

NOT admits the truth of the allegations contained in Article XX of the Amended Complaint.

## XXI.

NOT admits the truth of the allegations contained in Article XXI of the Amended Complaint.

## XXII.

NOT denies the truth of the allegations contained in Article XXII of the Amended Complaint.

## XXIII.

NOT denies the truth of the allegations contained in Article XXIII of the Amended Complaint.

## XXIV.

NOT denies the truth of the allegations contained in Article XXIV of the Amended Complaint.

### XXV.

NOT denies the truth of the allegations contained in Article XXV of the Amended Complaint, except it admits that inland truck bills of lading for three (3) tank containers containing DVB cargo were presented in June 2012 to NOT for confirmation that the containers matched the MSC booking information for UN Number, Class Number and Container Number, and that a truck bill of lading to which NOT was not a party, for one (1) DVB tank container attached a Material Safety Data Sheet, stated was attached for "Emergency Response Information".

### XXVI.

NOT denies the truth of the allegations contained in Article XXVI of the Amended Complaint, and specifically denies that any instructions to monitor the temperatures or any special stowage instructions concerning the DVB cargo were directed to NOT and, further, specifically denies that this UN Number 3082, Class 9 cargo, as certified by the shipper and presented by MSC, required any special handling while at NOT's facility.

### XXVII.

NOT denies the truth of the allegations contained in Article XXVII of the Amended Complaint, and specifically denies that this UN Number 3082, Class 9 cargo, as certified by the shipper and presented by MSC, required any special handling while at NOT's facility.

## XXVIII.

NOT denies the truth of the allegations contained in Article XXVIII of the Amended Complaint, and specifically denies that it had any obligation to warn plaintiffs of the allegedly dangerous nature of the DVB cargo, which was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo, and, further, denies that NOT owed a legal duty to provide plaintiffs with any MSDS for any cargo, including the DVB cargo, and maintains that plaintiffs, in the exercise of reasonable care by a vessel owner and operator knowingly carrying hazardous cargo, had or should have obtained MSDS for all cargo to be carried aboard their vessels and provided that documentation to the vessel's officers prior to loading that cargo aboard their vessels.

## XXIX.

NOT realleges and reavers all answers and defenses set forth in response to Articles I through XXVIII above.

## XXX.

NOT denies the truth of the allegations contained in Article XXX of the Amended Complaint as the DVB cargo was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo.

## XXXI.

NOT denies the truth of the allegations contained in Article XXXI of the Amended Complaint, and specifically denies that it had any legal duty to warn plaintiffs of the allegedly dangerous nature of the DVB cargo, which was certified by the shipper

and presented by MSC to be UN Number 3082, Class 9 cargo, and maintains that plaintiffs, in the exercise of reasonable care by a vessel owner and operator knowingly carrying hazardous cargo, had or should have obtained MSDS for all cargo to be carried aboard their vessels and provided that documentation to the vessel's officers prior to loading that cargo aboard their vessels.

## XXXII.

NOT denies the truth of the allegations contained in Article XXXII of the Amended Complaint, and specifically denies that it had any legal duty to warn plaintiffs of the allegedly dangerous nature of the DVB cargo, which was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo, and maintains that plaintiffs, in the exercise of reasonable care by a vessel owner and operator knowingly carrying hazardous cargo, had or should have obtained MSDS for all cargo to be carried aboard their vessels and provided that documentation to the vessel's officers prior to loading that cargo aboard their vessels.

## XXXIII.

NOT denies the truth of the allegations contained in Article XXXIII of the Amended Complaint.

## XXXIV.

NOT realleges and reavers all answers and defenses set forth in response to Articles I through XXXIII above.

## XXXV.

NOT denies the truth of the allegations contained in Article XXXV of the Amended Complaint, inasmuch as NOT properly stored and handled the DVB cargo at all times at its terminal in New Orleans, as this cargo was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo.

## XXXVI.

NOT denies the truth of the allegations contained in Article XXXVI of the Amended Complaint and maintains that NOT properly stored and handled the DVB cargo, as this cargo was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo.

## XXXVII.

NOT denies the truth of the allegations contained in Article XXXVII of the Amended Complaint.

## XXXVIII.

NOT denies the truth of the allegations contained in Article XXXVIII of the Amended Complaint.

## XXXIX.

NOT realleges and reavers all answers and defenses set forth in response to Articles I through XXXVIII above.

## XL.

NOT denies the truth of the allegations contained in Article XL, except it admits that it was a party to a stevedoring and terminal operating agreement with MSC, the content of which speaks for itself.

## XLI.

The allegations contained in Article XLI of the Amended Complaint are conclusions of law for which no answer is required; however, if an answer is required, NOT denies the truth of the allegations and maintains that NOT properly stored and handled the DVB cargo in a workmanlike manner, as this cargo was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo.

## XLII.

NOT denies the truth of the allegations contained in Article XLII of the Amended Complaint.

## XLIII.

NOT denies the truth of the allegations contained in Article XLIII of the Amended Complaint.

## XLIV.

NOT denies the truth of the allegations contained in Article XLIV of the Amended Complaint.

## XLV.

NOT realleges and reavers all answers and defenses set forth in response to Articles I through XLIV above.

## XLVI.

NOT denies the truth of the allegations contained in Article XLVI of the Amended Complaint.

## XLVII.

NOT denies the truth of the allegations contained in Article XLVII of the Amended Complaint and maintains that as the vessel owner and operator of the M/V MSC FLAMINIA, plaintiffs had or should have had, in the exercise of reasonable care, the MSDS for the DVB cargo and all other hazardous cargo they agreed to carry on their vessels.

## XLVIII.

Article XLVIII of the Amended Complaint does not contain allegations of fact which pertain to NOT nor require answer by NOT; however, if an answer is required, NOT denies the truth of the allegations contained in Article XLVIII of the Amended Complaint for lack of sufficient knowledge or information to justify a belief in the truth thereof.

## XLIX.

NOT denies the truth of the allegations contained in Article XLIX of the Amended Complaint.

## L.

NOT denies the truth of the allegations contained in Article L of the Amended Complaint.

## FOURTH DEFENSE

NOT contends that if plaintiffs suffered any damages as alleged, which is specifically denied, then the damages complained of, if any, were solely caused by plaintiffs' own negligence, fault, failure to perform their duty and/or inattention to duty, which precludes and bars plaintiffs' recovery herein.  NOT specifically pleads the defense of comparative negligence.

## FIFTH DEFENSE

NOT maintains that plaintiffs assumed the risk of any damages to the M/V MSC FLAMINIA in July 2012 by the plaintiffs' and their employees' knowingly accepting DVB and other hazardous cargo for carriage aboard the vessel with full knowledge of their MSDS warnings and hazardous propensities; knowingly approving the proposed placement and stowage of DVB and other hazardous cargo aboard the vessel; failing to properly supervise the placement and stowage of hazardous cargo aboard the vessel; failing to consult the available MSDS for the various hazardous cargoes they accepted for carriage aboard the vessel; and failing to properly inspect, monitor and deal with the hazardous cargoes during the voyage that plaintiffs had knowingly accepted for carriage aboard the M/V MSC FLAMINIA.

**SIXTH DEFENSE**

NOT avers that plaintiffs have failed to mitigate their alleged damages or losses. Plaintiffs are placed on full proof of the fairness and reasonableness of their steps, if any, taken to minimize said damages, if any.

**SEVENTH DEFENSE**

NOT maintains that as it was not the shipper of the DVB cargo, NOT had no legal duty to warn or inform the plaintiffs concerning the allegedly dangerous nature of the DVB cargo that plaintiff accepted and approved for carriage aboard the M/V MSC FLAMINIA in July 2012.

**EIGHTH DEFENSE**

NOT fully complied with the handling and segregation requirement of the IMDG Code for UN Number 3082, Class 9 cargo, as the DVB cargo delivered to NOT for the M/V MSC FLAMINIA in July 2012 was certified by the shipper and presented by MSC to be UN Number 3082, Class 9 cargo.

**WHEREFORE**, the premises considered, New Orleans Terminal, LLC prays:

1) That its Answer be deemed good and sufficient;

2) That after due proceedings had, there be judgment in its favor and against plaintiffs, dismissing the original Complaint and Amended Complaint at plaintiffs' costs; and

3) For all other general and equitable relief as the law and nature of the case may allow.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

*/s/ Robert H. Murphy*
_____
Robert H. Murphy (#9850)
rmurphy@mrshola.com
Peter B. Sloss (#17142)
psloss@mrsnol.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA 70139
Telephone:  (504) 523-0400
Facsimile:  (504) 523-5574
*Attorneys for New Orleans Terminal LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that 22 April 2016, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

*/s/ Robert H. Murphy*
_____

1916/4813